Arboleda-Urrutia v. Bondi

BIA
Reid, IJ
A216 904 382/383/384

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-five.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

JUAN FERNANDO ARBOLEDA-URRUTIA, FERNANDO JOSUE ARBOLEDA-ZAPATA, MAYRA DANIELA ZAPATA-AUCATONIA,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-7111
NAC

_____

FOR PETITIONERS:        Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant
                       Attorney General, M. Jocelyn Lopez Wright,
                       Senior Litigation Counsel, Alanna T. Duong,
                       Trial Attorney, Office of Immigration
                       Litigation, United States Department of
                       Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioners Juan Fernando Arboleda-Urrutia, Mayra Daniela Zapata-Aucatonia, and their minor son, natives and citizens of Ecuador, seek review of an August 21, 2023 decision of the BIA affirming a May 10, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arboleda-Urrutia, et al.*, Nos. A 216 904 382/383/384 (B.I.A. Aug. 21, 2023), *aff'g* Nos. A 216 904 382/383/384 (Immig. Ct. N.Y. City. May 10, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan*

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. CAT Relief

As an initial matter, only issues regarding asylum and withholding of removal are properly before us. The BIA found that Petitioners waived their CAT claim by not meaningfully addressing it. Petitioners do not challenge that finding on appeal and instead repeat the conclusory statements made in their brief to the BIA. Their CAT claim is thus abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

## II. Asylum and Withholding of Removal

"To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion." *Paloka*

3

*v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable" and that "the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Id.* Petitioners fail to do so here.

### A. Arboleda-Urrutia

Before the IJ, Arboleda-Urrutia asserted that gangs targeted him because of his membership in two social groups: "individuals who are truck drivers controlled by gangs and who resisted complying with gang orders," and "individuals who are truck drivers who are en route to deliver produce merchandise and who are stopped [and] attacked by gang members who want to steal the merchandise." The IJ did not address the cognizability of the first group (insofar as it differs from the second) and found the second not cognizable. The BIA concluded that Arboleda-Urrutia waived review as to the first group and otherwise adopted and affirmed the IJ's decision.

Arboleda-Urrutia does not challenge the BIA's waiver finding and so has abandoned review of that part of the decision. *See Debique*, 58 F.4th at 684. And instead of showing that Ecuadorian society "perceive[s] his proposed group as sufficiently separate or distinct," *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d

4

Cir. 2021) (quotation marks and citation omitted), he notes only that the BIA "erred when it rejected Mr. Arboleda's proposed PSG as a truck driver" and that he "merits asylum as a truck driver because this is a characteristic about Mr. Arboleda which he should not have to change in order to live safely in Ecuador," Petitioners' Br. at 12–13. His social-group claims thus fare no better. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quotation marks omitted)).

Arboleda-Urrutia next argues that the agency erred in rejecting an imputed political opinion claim. The BIA did so because the claim was raised for the first time on appeal and because it found no clear error in the IJ's determination that Arboleda-Urrutia's assailants robbed him to further their criminal enterprise, not on account of a protected ground. We find no error in those holdings.

To establish eligibility based on a political opinion, an "applicant must show that the persecution arises from his or her own political opinion," either actual or imputed. *Yueqing Zhang*, 426 F.3d at 545. But Arboleda-Urrutia did not allege facts showing that he had a political opinion or that he was targeted on that basis. To the contrary, his affidavit states that gang members threatened his life and

5

attempted to rob him because they wanted his truck and cargo. And there is no evidence that his assailants singled him out because of his opposition to gangs as opposed to the fact that he was driving a truck they wanted to rob. So no evidence establishes that Arboleda-Urrutia's assailants singled him out for his political opinions.

### B. Zapata-Aucatonia

Zapata-Aucatonia does not challenge the agency's determinations that she failed to allege past harm rising to the level of persecution, establish a well-founded fear, or show that the government was unable or unwilling to protect her. She has thus abandoned review of those grounds for the denial of her claims. *See Debique*, 58 F.4th at 684.

Zapata-Aucatonia also argues that the IJ's acceptance of her affidavit as credible suffices to state a claim. That argument is misplaced. "[A] well-founded fear of future persecution . . . requires that the alien present credible testimony that [s]he subjectively fears persecution *and* establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (emphasis added). So absent specific supporting evidence, Zapata-Aucatonia's

6

fear of being kidnapped establishes a *subjective* but not *objectively reasonable* fear of persecution.

### C. Family-Based Claim

Finally, Petitioners argue that the BIA "misapplied the legal standards governing family-based [particular social groups]" and erred in declining to consider a family-based claim. But "the BIA may refuse to consider an issue that could have been, but was not, raised before an IJ." *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015). And since the findings above bar all requested relief, we need not reach any other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

\* \* \*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7